E-FILED
Tuesday, 12 February, 2013  11:12:45 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JEREMY S. CARY,   )   | |
| )   | |
| Petitioner,   )   | |
| )   | |
| v.   )   | Case No.   12-cv-1469 |
| )   | |
| UNITED STATES OF AMERICA,   )   | |
| )   | |
| Respondent.   )   | |
| )   | |
| )   | |

# O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1), filed on November 13, 2012. Respondent filed a Response (Doc. 14) and Petitioner filed a Reply (Doc. 16). For the reasons stated below, Petitioner's Motion is granted.

**PROCEDURAL HISTORY**

Petitioner was convicted of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) after a guilty plea, without a plea bargain. (Doc. 1 at 1). The presentence investigation report (PSR) stated that "the defendant was required to register as a Tier III offender." (11-cr-10054, Doc. 15 at 5). Under the sentencing guideline for a failure to register offense, this corresponded with a base offense level of 16. U.S. Sentencing Guidelines Manual § 2A3.5. The total offense level was calculated as 13, incorporating a three level reduction for acceptance of responsibility. (11-cr-10054, Doc. 15 at 6). Based on Petitioner's criminal history,

the guidelines range for this offense level was calculated as thirty-three to forty-one months' imprisonment and supervised release for life. (11-cr-10054, Doc. 15 at 18-19). Petitioner was sentenced to thirty-three months of incarceration, the lowest end of the guidelines range for the calculated offense level. (Doc. 1 at 1). He was also sentenced to twenty years of supervised release, below the guidelines recommendation. (Doc. 1 at 1). His supervised release included a condition that Petitioner install filtering software on his computer at his cost and allow his probation officer to monitor his computer use. (11-cr-10054, Doc. 18 at 4). Petitioner did not appeal this sentence. (Doc. 1 at 2).

In Petitioner's § 2255 Motion, he raises five grounds to challenge his conviction and sentence. His first claim is that he received ineffective assistance of counsel based on the failure to argue certain points Petitioner wanted raised during his sentencing hearing. This claim is closely related to the other four arguments raised in the Petition: that he should have received a downward departure based on family responsibilities, that the Court abused its discretion in setting a supervised release condition limiting Petitioner's use of computers, that a twenty-year supervised release term is "greater than necessary punishment," and that his calculated base offense level was "improper and unconstitutional." (Doc. 1 at 4-14).

## DISCUSSION

A sentence may be vacated, set aside, or corrected pursuant to § 2255 if the sentence "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it

asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Thus, § 2255 is limited to correcting errors of a constitutional or jurisdictional magnitude or errors constituting a fundamental defect that results in a complete miscarriage of justice. *E.g.*, *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).

"A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003). Where a petitioner failed to appeal his sentence, his claims in a § 2255 motion may be procedurally barred. Constitutional issues are barred unless the petitioner can show good cause for and prejudice from the failure to appeal the issue, or if refusal to hear the issue would result in a fundamental miscarriage of justice. *See Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "[N]onconstitutional issues that could have been but were not raised on direct appeal" cannot be raised in a § 2255 motion regardless of cause or prejudice. *Belford*, 975 F.2d at 313; *see also Lanier v. United States*, 220 F.3d 833, 842 (7th Cir. 2000).[1] However, to the extent such claims form the basis for ineffective assistance of counsel claims, they may be considered in that context. *See Belford*, 975 F.2d at 313 n.1. An ineffective assistance of counsel claim may be

---

[1] A claim of actual innocence may also excuse procedural default, *see, e.g., Bousley v. United States*, 523 U.S. 614, 622 (1998), but that exception is inapplicable here, as Petitioner does not and would have no ground to allege that he is actually innocent of failing to register as a sex offender.

3

raised in a § 2255 motion regardless of whether it could have been raised on appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

**I. Failure to Award Downward Departure**

Among Petitioner's claims is an argument that he was entitled to a downward departure from the sentencing guidelines range because of his family responsibilities. (Doc. 1 at 10). Petitioner also claims his counsel was ineffective for failure to ask the Court for this downward departure. (*See* Doc. 1 at 10). Neither of these arguments entitles Petitioner to relief.

First, as a stand-alone claim, this nonconstitutional claim for failure to award the departure is procedurally barred for failure to appeal the issue. Though neither Petitioner nor his counsel specifically asked for a downward departure pursuant to U.S. Sentencing Guidelines Manual § 5H1.6, both made it known to the Court that Petitioner's girlfriend had recently given birth to a child.[2] (*See* 11-cr-10054, Docs. 14-1, 23). Petitioner could have appealed the Court's decision not to reduce his sentence on this basis, but did not. Thus, the claim is procedurally barred as defaulted.

The Court also finds Petitioner's claim that his counsel was ineffective for failing to ask for a downward departure under § 5H1.6 to be without merit. To succeed on an ineffective assistance of counsel claim, Petitioner must show both that his counsel's performance was deficient, and that he was prejudiced by the deficiency such that the result would have been different without the error.

---

[2] To the extent Petitioner raises changes in his family situation since that time, they are irrelevant to whether the Court should have granted, or his counsel should have argued for, a downward departure at the time of sentencing.

4

*Strickland v. Washington*, 466 U.S. 688, 687-91 (1984). Here, Petitioner is unable to show deficient performance or prejudice with respect to this claim.

Petitioner's counsel was not deficient for failure to ask the Court specifically for a family ties and responsibility downward departure or for any advice that Petitioner not do so himself. First, as stated directly in § 5H1.6, "family ties and responsibilities are not ordinarily relevant to determining whether a departure may be warranted." U.S. Sentencing Guidelines Manual § 5H1.6. Second, Petitioner's counsel did point to Petitioner's claim that he had to care for his newborn son at the sentencing hearing. (11-cr-10054, Doc. 23 at 21). Simply because he did not ask for the downward departure by name was not deficient performance. Also, Petitioner did ask the Court for a downward departure on this basis. (11-cr-10054, Doc. 14-1 at 5). The Court, aware of the possible grounds for departures, found the fact that Petitioner had a new baby did not entitle him to a lesser sentence. Thus, there is also no prejudice from any failure to argue this ground at sentencing.

## II. Supervised Release Claims

Petitioner argues that the Court abused its discretion in ordering Petitioner's computer use monitored as a condition of his supervised release. (Doc. 1 at 9). He also argues that twenty years of supervised release is too long. (Doc. 1 at 14).[3] Petitioner asserts the condition and length of his supervised release are "greater than necessary" punishment. (Doc. 1 at 14).

---

[3] To the extent Petitioner's ineffective assistance of counsel claim includes an argument that his counsel improperly advised him not to argue against the computer condition or length of supervised release, it is clearly without merit. Such advice was not unreasonable, there is no showing that the Court would have changed the supervised release had such arguments been raised.

5

As with the downward departure claim, these nonconstitutional claims were procedurally defaulted by Petitioner's failure to appeal his sentence. *See Belford*, 975 F.2d at 313. Both the length of supervised release and the computer monitoring condition were clearly laid out in the Court's judgment. Petitioner had a full opportunity to appeal his supervised release sentence but did not. Thus, these claims are procedurally barred and will not be addressed on the merits.

**III. Improper Guidelines Calculation**

Finally, Petitioner also argues that his base offense level under the sentencing guidelines was improperly calculated and his counsel was ineffective for failing to notice or argue this point. (Doc. 1 at 5-7). The Seventh Circuit has held that a petitioner cannot raise a claim of misapplication of the sentencing guidelines in a § 2255 motion. *See Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993). However, Petitioner's ineffective assistance of counsel claim, based on the failure to object to the sentence calculation, is cognizable. *See Massaro*, 538 U.S. at 504.

Petitioner was convicted of failure to register as a sex offender, in violation of 18 U.S.C. § 2250. (Doc. 1 at 1). Under the sentencing guidelines, the base offense level is determined by calculating which "tier" the offender falls under based on the underlying sex offense. U.S. Sentencing Guidelines Manual § 2A3.5. The base offense level for a Tier III offender is 16, for Tier II offenders it is 14, and for Tier I offenders it is 12. The tiers are defined in 42 U.S.C. § 16911.

The PSR stated that Petitioner's underlying sex offense made him a Tier III offender, which corresponds with a base offense level of 16. (11-cr-10054, Doc. 15 at

6

5). Petitioner argues that he should have been a Tier II or even possibly a Tier I offender, which would have resulted in a lower base offense level. (Doc. 1 at 5-7). Petitioner was required to register as a sex offender because of a conviction for Aggravated Criminal Sexual Abuse, in violation of 720 Ill. Comp. Stat. 5/12-16(d) (current version at 720 Ill. Comp. Stat. 5/11-1.60). Petitioner argues that his offense would make him a Tier II offender at most, because Tier III offenses only involve force, threat of force, or victims under the age of thirteen. (Doc. 1 at 6-7).

Under 42 U.S.C. § 16911, an offense must be "comparable to or more severe than" the listed crimes to fall under that tier. To be a Tier III offender, the offense must be punishable by more than a year of prison and be comparable to or more severe than the specified examples: "aggravated sexual abuse or sexual abuse (as described in sections 2241 and 2242 of Title 18)" or "abusive sexual contact . . . against a minor who has not attained the age of 13 years." 42 U.S.C. § 16911(4)(A).[4] A Tier II offender is an offender whose offense is punishable by imprisonment for more than a year and is comparable to or more severe than the enumerated examples. *Id.* at § 16911(3). Finally, a Tier I offender is a sex offender who does not come within the other two tiers. *Id.* at § 16911(2).

In determining under which tier an offender falls, if the applicable criminal statute proscribes different types of conduct that would place an offender in different tiers, the Court may consider additional materials, including the charging instrument. *See United States v. Taylor*, 644 F.3d 573, 576-77 (7th Cir. 2011), *cert*

---

[4] Tier III offenses also include those involving kidnapping or committed after the offender becomes a Tier II offender, but neither of those are relevant to this case.

7

*denied*, 132 S. Ct. 1049 (2012). This is called the modified categorical approach. Here, the Illinois statute for Aggravated Criminal Sexual Abuse proscribes a wide range of conduct, including sexual abuse involving use or threat to use a weapon and sexual abuse of a physically handicapped person. 720 Ill. Comp. Stat. 5/12-16. Some of the proscribed conduct may qualify the offender as a Tier III offender under 42 U.S.C. § 16911, but not all of it. Thus, the modified categorical approach requires looking beyond the title of the statute and determining which specific offense was committed.

It is undisputed that Petitioner was convicted under subsection (d) of the Illinois Aggravated Criminal Sexual Abuse statute, which prohibits "an act of sexual penetration or sexual conduct with a victim who is at least 13 years of age but under 17 years of age and the person is at least 5 years older than the victim." 720 Ill. Comp. Stat. 5/12-16(d). It appears no court has decided under which tier Petitioner's specific sex offense falls. However, it seems clear that Petitioner's prior sex offense was not of a nature that would qualify him as a Tier III offender. Respondent concedes as much in its brief. (Doc. 14 at 20).[5] Thus, Petitioner's counsel's failure to object to the base offense calculation in the PSR was an error.

To satisfy the performance prong for an ineffective assistance of counsel claim, however, counsel's performance must fall below an "objective standard of reasonableness under prevailing professional norms." *Shell v. United States*, 448 F.3d 951, 954 (7th Cir. 2006). There is a strong presumption that counsel is

---

[5] The government argues that Petitioner's offense "would certainly fit into Tier II." (Doc. 14 at 20). However, that is not entirely clear, and is best resolved through resentencing.

effective. *E.g.*, *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000). Though the entire course of representation may be taken into consideration, the right to effective counsel can be violated by "even an isolated error of counsel if that error is sufficiently egregious and prejudicial." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). For example, deficient performance has been found where counsel failed to make an argument based on case law from other circuits that certain offenses should be grouped for sentencing purposes. *United States v. Glover*, 149 F. Supp. 2d 371, 380-81 (N.D. Ill. 2001).

Here, though Petitioner's counsel performed adequately in most respects, his failure to challenge the base offense level based on a Tier III offender determination was deficient performance, far below an objective standard of reasonableness. A defense attorney has an obligation to review the PSR and ensure its accuracy. The guidelines range calculation is especially important, as it is the starting point from which the sentence is determined. Though perhaps not as obvious as many sentencing guidelines, an attorney should be able to calculate the proper tier under sentencing guideline § 2A3.5 and 42 U.S.C. § 16911. There may be close cases in which the failure to discover and raise the issue of an improper tier under guideline § 2A3.5it would not be deficient. This is not one of those cases. Petitioner's offense clearly did not involve force or threat of force or a victim under the age of 13, so certainly did not qualify him as a Tier III offender. Additionally, this could not have been a strategic decision on counsel's part. This error was egregious and important enough to constitute ineffective assistance.

9

Respondent gestures to an indictment for Predatory Criminal Sexual Assault of a Child, which was the first charge filed against Petitioner in the state case that led to his sex offense conviction, and was included in the discovery materials from the criminal case. Respondent seems to hint that perhaps counsel mistakenly thought Petitioner was convicted of this crime, which involves a child under twelve and would be a Tier III offense. However, this charge was dropped, and the record clearly shows that Petitioner was convicted of Aggravated Criminal Sexual Abuse based on sexual conduct with a victim between thirteen and seventeen. If counsel did make this mistake, it would certainly not support an argument that his performance was within the standard of reasonableness.

Petitioner also must show prejudice by his counsel's deficient performance. For a claim that counsel failed to raise an argument at sentencing, the Petitioner must show "a reasonable probability that his underlying argument would have been accepted at the sentencing hearing." *Welch v. United States*, 604 F.3d 408, 425 (7th Cir. 2010). As Respondent begrudgingly admits, any increase in the length of incarceration due to guidelines miscalculation constitutes prejudice. *Glover v. United States*, 531 U.S. 198, 204 (2001). Though *Glover* was decided before the guidelines were held to be advisory, the principle has been reaffirmed since. *See, e.g.*, *United States v. Jones*, 635 F.3d 909, 916 (7th Cir. 2011) ("In the sentencing context, an attorney's unreasonable failure to identify and bring to a court's attention an error in the court's Guidelines calculations that results in a longer sentence may constitute ineffective assistance entitling the defendant to relief.").

Even if, as Respondent argues, Petitioner's guideline range should be calculated as thirty to thirty-seven months, (Doc. 14 at 19), such that his current sentence still falls within the range, Petitioner has been prejudiced. This Court sentenced Petitioner to the bottom of the guidelines range, stating "I have been thinking of a basis to sentence you below the advisory guideline range, and I can't find one." (11-cr-10054, Doc. 23 at 28). Had Petitioner's counsel alerted the Court to the improperly calculated offense level and guidelines range, there is a reasonable probability Petitioner would have received a lower sentence. Thus, he was prejudiced by his counsel's deficient performance and is entitled to relief.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is GRANTED. The Court will schedule the case for resentencing. IT IS SO ORDERED.

Entered this <u>11th</u> day of February, 2013.

                                                s/ Joe B. McDade  
                                                JOE BILLY McDADE  
                                     United States Senior District Judge